IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM YORK | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-659-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, et al. | § | |

OPINION and ORDER OF DISMISSAL

This is a *pro-se,* civil-rights action filed by former Tarrant County jail inmate William York.[1] As a part of its screening of York's  complaint, the Court has reviewed Court records concerning whether he has previously sought relief in federal court, and discovered that he has.[2] Nevertheless, in his complaint in this action, to the question "Have you ever filed *any* other lawsuit in state or federal court relating to your imprisonment?," Plaintiff answered, "No." (Compl. ¶ I(A).)  He did this, even though he had sworn under penalty of perjury that all facts presented in his complaint were true and correct, and even though he was expressly warned that "any false or deliberately misleading information provided . . . *will* result in the imposition of sanctions . . .

---

[1]York has informed the Court of a new on-the-street address.

[2]The U.S. Party Case Index reveals 5 prior suits filed by William York under 42 U.S.C. § 1983: *York v. City of Hurst Police Department,* No. 4:03-CV-1188-A (§ 1983 complaint dismissed under 28 U.S.C. § 1915A and 1915(e)); *York v. Anderson,* No. 4:03-CV-1189-Y (§ 1983 complaint dismissed without prejudice); *York v. Anderson,* No.4:03-CV-1190-Y (§ 1983 complaint dismissed without prejudice); *York v. Vargas,* No.4:03-CV-1191-Y (§ 1983 Complaint dismissed without prejudice); *York v. City of Fort Worth-Mansfield Holding Facility,* No.4:03-CV-1192-A (§ 1983 complaint dismissed under 28 U.S.C. § 1915A and 1915(e)).

[including] monetary sanctions and/or dismissal of this action with prejudice." (Compl. at 5.)

The Court directed York to show cause why he should not be sanctioned.[3] On June 13, 2006, York filed a response to the Order to Show Cause. In that document, York writes that due to being "traumatized" by his conditions of confinement, and delayed "medication and medical treatment along with his depression and anxiety attacts [sic]" he "apparently suffered partial memory loss at the time of filing said complaint pro se." (June 13, 2006, Response.) Although the tone of York's response causes the Court to believe that he has not deliberately misled the Court, the fact remains that York provided false information, under penalty of perjury, by failing to list the prior lawsuits previously filed in "federal court relating to [his] imprisonment." The question about prior lawsuits in the form complaint is phrased broadly, and the phrase "any" is placed in italics. The wording of that question, combined with the express warning later in the form against not providing any "false or deliberately misleading information," alerts a *pro-se* prisoner of the obligation to be completely forthright in supplying information about suits relating to

---

[3]A federal district court has inherent authority to manage its affairs and preserve the authority of the court, including the power to sanction a party. *See Scaife v. Associated Air Center, Inc.,* 100 F.3d 406, 411 (5th Cir. 1996), *citing Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991); *see also Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). Such power must be exercised with restraint, and should be confined to instances of "bad faith or willful abuse of the judicial process." *Woodson,* 57 F.3d at 1417 (citations omitted).

imprisonment, including all prior suits under § 1983 and § 2254. As a result, the Court determines that, consistent with the express warning in **bold** print in the form complaint completed by York, he should be subjected to the imposition of sanctions.

This Court is mindful of its duty to "impose the least severe sanction adequate"[4] to fashion a remedy against York.  A prisoner proceeding in forma pauperis is entitled to have the substance of the allegations in his complaint reviewed by the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  The questions in the complaint form about prior suits are included to help the Court engage in this process and to determine if the particular litigant's suit-filing history will bar or otherwise relate to that substantive review.  When an inmate frustrates the Court's desire to obtain those facts by providing false information, he must suffer the consequence of not immediately obtaining that substantive review. Any sanction short of dismissal of the case would enable an in-forma-pauperis litigant, such as York, who has provided false information, to nevertheless gain his desired review of the newly submitted claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

The Court has considered a monetary sanction and found that it would not be effective in this case. York's inmate-account certification shows that he did not have any financial resources for the several months prior to the filing of this suit. If the

---

[4]*Mendoza v. Lynaugh,* 989 F.2d 191, 196 (5th Cir. 1993).

3

Court were to merely assess a monetary sanction against York but nevertheless review the substantive grounds asserted in this latest case, such sanction would do nothing to deter York (and other prisoners in his position) from answering the Court's question falsely.  If the Court were to accompany the assessment of a monetary sanction with dismissal of the case and a bar from filing another suit until the monetary assessment were paid, however, such sanction might effectively bar York from filing altogether, which would be too severe.  Thus, the Court concludes that the appropriate sanction in this case is dismissal of this action without prejudice to York's right to refile.[5]

Therefore, as a sanction for providing false information to the Court in a sworn pleading, the above-styled and numbered action is DISMISSED WITHOUT PREJUDICE.[6]

SIGNED July 5, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5]If York chooses to refile another suit, he will need to either seek to proceed in forma pauperis, or pay the now applicable filing fee of $350.00.

[6]This dismissal is not a strike under 28 U.S.C. § 1915(g).